UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IDEAL PRODUCTS, LLC, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:06-CV-753 RM |
| CRANBERRY RIVER ENTERPRISES, INC., ROBERT BIBB, and ELVIRA BARBATO BIBB, | ) |
| Defendants | ) |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Johnson v. Wattenbarger, 361 F.3d 991 (7th Cir. 2004). The plaintiff's complaint does not allege the existence of jurisdiction. First, 28 U.S.C. § 1332(c) provides that a corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. The complaint alleges that "Crabtree is a corporation organized under the laws of the State of West Virginia and maintains offices in the State of West Virginia," but "Crabtree" isn't listed as a defendant in this cause; assuming a typographical error, the complaint contains no allegations relating to the principal place of business of defendant Cranberry River Enterprises. Indiana Hi-Rail Corp. v. Decatur Junction Railway Co., 37 F.3d 363, 365 n.3 (7th Cir. 1994). Next, the complaint alleges that defendant Robert Bibb is a resident of West Virginia, but residency is not citizenship. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). And lastly, the

complaint contains no allegations at all relating to the citizenship of defendant Elvira Barbato Bibb. The plaintiff must show the citizenship of each party as of the date the complaint was filed. <u>Dausch v. Rykse</u>, 9 F.3d 1244, 1245 (7th Cir. 1993).

Although the case may be subject to dismissal on these grounds, <u>Tylka v. Gerber Prods. Co.</u>, 211 F.3d 445 (7th Cir. 2000), the court instead affords the plaintiff twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   November 9, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court